## THE STATE OF KANSAS v. HERMAN REICK.

1. CROSS-EXAMINATION — *Practice.* The general rule is, that when a witness makes statements on cross-examination, collateral to the examination or issue, they are to be taken as conclusive, and it is not admissible to contradict him by showing the statements to be false.

2. INTOXICATING LIQUOR — *Nuisance — Evidence — Conviction, Not Reversed.* A defendant was charged with keeping and maintaining a common nuisance, where intoxicating liquors were unlawfully sold by him. Upon cross-examination he admitted that he gave intoxicating liquors to a witness to drink, who testified against him, but stated that he treated the witness at a drug store, where he obtained the liquor, without making or giving any statement prescribed by the statute. Upon rebuttal, the prosecution proved that his evidence in regard to the statement was false. *Held,* That the admission of this evidence was not sufficient, under the facts disclosed, to reverse the conviction.

*Appeal from Geary District Court.*

THE case is stated in the opinion. From a conviction at the January term, 1890, the defendant *Reick* appeals.

*James Ketner,* and *Humphrey & Humphrey,* for appellant.
*W. J. Franklin,* for appellee.

The opinion of the court was delivered by

HORTON, C. J.: Herman Reick was charged in seven counts of an information with having unlawfully sold intoxicating liquors in Junction City without having any permit, during the months of September, November and December, 1889, and January, 1890; also, in the eighth count, with having kept and maintained at the same place, between the 20th of November, 1889, and the 5th of January, 1890, a common nuisance where intoxicating liquors were unlawfully sold by him. The jury returned a verdict against the defendant of guilty on the second, third and eighth counts, as charged in the information, and not guilty as to the first, fourth, fifth, and sixth counts. Upon the verdict of the jury, the defendant was sentenced to pay fines amounting to $300, and the costs of the prosecution; also, to be imprisoned in the county jail of Geary county for ninety days. Reick appeals from the judgment.

It is claimed that the trial court committed error in permitting collateral statements, elicited on the cross-examination of Reick, to be contradicted by witnesses produced upon the part of the state in rebuttal. George McCullough, a witness for the state, testified that he obtained whisky at Reick's place of business; that he paid for part he drank there, and a part was given him. He also testified that on the 15th of October, 1889, after he had been a witness against Reick in the district court of Geary county, Reick gave him whisky to drink in his place of business. Reick was a witness in his own behalf, and testified that his business in 1889 was running a lunch-room in Junction City; that he sold ginger ale and extract of malt, but never sold any intoxicating liquors. His evidence further tended to show that he did not keep whisky or other intoxicating liquors in his room. Upon cross-examination, he was asked:

"Q. Is it not a fact, that at the last term of this court, after Mr. McCullough testified in the case against you, (October 15, 1889,) you asked him over to your place of business

and gave him some beer or whisky? A. When the testimony was over, I took Mr. McCullough and another witness, I don't remember now his name, and went to the drug store and bought a pint of whisky. I went over there to the store and treated them. From there, I took them over to Charlie Schweise. They wanted something to eat, and I treated them to a lunch there. Then I left them.

"Q. You bought whisky at the drug store? A. Yes, sir, in the drug store; and I treated them with it.

"Q. Did you make a statement for that liquor? A. What liquor?

"Q. The liquor you bought at the drug store? A. No, sir; I didn't make any statement."

Upon rebuttal, the state produced Miller, Harvey and Holzschuder, and proved by them that Miller did not, on the 15th of October, 1889, sell to Reick any whisky, without making the usual statement, or affidavit.

The general rule is, that when a witness makes statements on cross-examination, collateral to the investigation, the same are to be taken as conclusive, and it is not admissible to contradict him to show such statements to be false. If the testimony upon rebuttal be construed as tending to contradict Reick as to making no statement when he purchased whisky at the drug store, it is not very material; not sufficient, at least, to reverse the judgment. If, however, the answers of Reick upon cross-examination tended to impress the jury that he did not have or keep intoxicating liquors at his lunch-room, and this was the probable effect of his evidence, then it belonged to the subject-matter under investigation.

In order to convict Reick upon the eighth count of the information, it was necessary for the state to prove that he kept intoxicating liquors at his lunch-room, and that he unlawfully sold these liquors. After he testified upon cross-examination that the liquors given to McCullough were obtained at the drug store in order to show that he kept no intoxicating liquors, it was competent to prove he did not treat McCullough there, or obtain any liquors without a statement. The tendency of such evidence was not merely to bear upon the credit of the

defendant, but upon a material fact involved in the issue. A more liberal rule applies to the contradiction of the declarations of a defendant made upon cross-examination than to the statements of a witness only.

There was no error in the ruling of the trial court sufficient to require a new trial. (*The State v. McKinney*, 31 Kas. 570; *Howe v. Thayer*, 17 Pick. 91.)

The judgment of the district court will be affirmed.

All the Justices concurring.